JSJ-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8927 | DATE | 8/13/2004 |
| CASE TITLE | Perez v. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Francisco Perez's § 2255 Motion

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Francisco Perez's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied. Case terminated. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | AUG 16 2004 date docketed |
| X | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| | courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCISCO PEREZ, | ) | |
| | ) No. 01 C 8927 | |
| Movant, | ) | |
| | ) | |
| v. | ) Honorable Charles R. Norgle | |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

DOCKETED
AUG 1 6 2004

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Francisco Perez's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, Francisco Perez ("Perez" or "Movant"), challenges his conviction for conspiracy with intent to distribute cocaine. For the reasons stated below, the motion is denied.

**I. BACKGROUND[1]**

After an investigation by the Drug Enforcement Administration ("DEA"), Francisco Perez was arrested for possession with intent to distribute cocaine and conspiracy with intent to distribute cocaine. On April 24, 1999, Perez was indicted on three counts: conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On December 2, 1999, Perez pled guilty to count one of the indictment, conspiracy with

---

[1] A detailed description of the events underlying Perez's conviction are recited in United States v. Carrillo, 269 F.3d 761 (7th Cir. 2001) (direct appeal of two co-conspirators).

intent to distribute cocaine, in violation of 21 U.S.C. § 846, and the remaining counts were dismissed. On July 11, 2000, Perez was sentenced to a 97 month term of imprisonment, and the Judgment and Commitment Order was issued on July 17, 2000. Thereafter, Perez took no additional steps to directly or collaterally challenge his conviction, until he filed the present motion.

Perez mailed the present motion to the Clerk of the District Court on November 13, 2001, and the motion was filed on November 19, 2001. Perez's motion raises three arguments, which pertain to his sentence and the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). The court interprets Perez's arguments as: (1) whether the trial could should have granted a downward departure to his sentence based on his status as a deportable alien; (2) whether the trial could should have granted a downward departure to his sentence based on his argument that he was a minor participant; and (3) whether the indictment was jurisdictionally defective for failure to allege drug quantity.

On November 27, 2002, Respondent, United States of America, filed a response to the § 2255 motion, arguing that the motion was untimely. Perez did not reply to the Government's argument that his § 2255 motion was untimely. Rather than file a reply directly addressing the timeliness issue, on December 19, 2002, Perez filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). In that pleading, Perez seeks, *inter alia*,[2] a reduction of his sentence based upon Amendment 591 to the United States Sentencing Guidelines.

Perez's § 2255 motion is fully briefed and the issue before the court is whether the motion

---

[2] The pleading also contains an argument for relief under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, requesting that the court order that Perez be deported without unreasonable delay upon completion of his term of imprisonment. This aspect of the motion is without merit, and not properly before the court under this § 2255 motion.

2

was timely filed within the one-year statute of limitations set forth in 28 U.S.C. § 2255.

## II. ANALYSIS

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. See Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1995). Section 2255 motions are subject to various bars, including that of procedural default. See Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir. 1989) (stating that "a district court cannot reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner"). One such bar was provided for in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective April 24, 1996. See Pub. L. 104-132, Title I, § 105, 110 Stat. 1220. The AEDPA imposes a one-year limitations period on collateral attacks. See 28 U.S.C. § 2255 ¶ 6 (1-4). Paragraph 6 of § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The one-year limitations period on collateral attacks is subject to equitable tolling. See Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004). However, as the Seventh Circuit has stated, "equitable tolling of the statute of limitations is such exceptional relief that we have yet to identify

3

a circumstance that justifies equitable tolling in the collateral relief context." Id. at 484 (citation and internal quotations omitted).

### B. Perez's § 2255 Motion Was Not Timely Filed

Paragraph 6 of § 2255 creates a one-year statute of limitations for a motion filed under § 2255. The one-year period is measured from the date on which the judgment of conviction becomes final unless one of the other enumerated grounds extends the one-year period. See 28 U.S.C. § 2255 ¶ 6 (1-4). In this case, Perez entered his guilty plea on December 2, 1999 and was sentenced on July 11, 2000. Perez did not appeal his conviction or sentence. His conviction therefore became "final" under 28 U.S.C. § 2255 ¶ 6 (1) no later than when the 10-day period for taking a direct appeal under Fed. R. App. P. 4(b)(1)(A)(i) expired. Cf. Clay v. United States, 537 U.S. 522, 524 (2003) (when a federal prisoner takes an unsuccessful direct appeal from his judgment of conviction but does not petition the Supreme Court for a writ of certiorari, the judgment becomes "final" for purposes of § 2255's 1-year statute of limitations when the time period for seeking a writ of certiorari expires). Therefore, Perez had until July 23, 2001 to file his § 2255 motion. However, Perez did not file his § 2255 motion until November 19, 2001, almost four months after the one-year statutory deadline. As such, Perez's § 2255 motion was filed over one year after the date on which his judgment became final and none of the grounds for extension are applicable. Further, Perez presents no argument that equitable tolling would be applicable.

Perez has effectively conceded that his motion was untimely by failing to respond to the Government's argument. Rather than address the issue of timeliness, Perez filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). In that pleading, Perez seeks a reduction of his sentence based upon Amendment 591 to the United States Sentencing Guidelines.

4

That contention is without merit as Amendment 591 is inapplicable to Perez's conviction. See U.S.S.G. Am. 591 (indicating that the amendment applies in cases where the defendant received an enhanced penalty under U.S.S.G. § 2D1.2, relating to drug offenses occurring near protected locations or involving underage or pregnant individuals).

### III. CONCLUSION

For the foregoing reasons, Francisco Perez's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 8/12/04